958 F.2d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank I. MOPPINS, Petitioner-Appellant,
v.
Eddie YLST, et al., Respondents-Appellees.
 No. 91-16145.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1992.*
Decided March 18, 1992.
 
 Before SCHROEDER, REINHARDT and KLEINFELD, Circuit Judges.
 
 
 1
 We affirm the denial of the petition for writ of habeas corpus.
 
 
 2
 Moppins was convicted in California state court of (1) first degree murder while engaged in a robbery, (2) the robbery itself, and (3) using a firearm during the commission of these offenses.
 
 
 3
 He objects to the use of CALJIC 8.11, the standard California form instruction defining malice. The instruction says that malice is express when there is manifested an intention to kill, and that malice is implied when the killing results from an intentional act involving a high probability of death or when the killing is a "direct causal result of the perpetration ... [of] a felony inherently dangerous to human life." His contention is that the second alternative under the instruction, implied malice from an intentional act involving a high probability of death, impermissibly dilutes the prosecution's burden of proving malice beyond a reasonable doubt.
 
 
 4
 Although Moppins was convicted of murder, he was not convicted of the forms of murder for which intentional killing or intentional act involving a high probability of death was required. The jury left blank those portions of the verdict form requesting special findings as to whether the murder was premeditated, and whether it was intentional. Instead, the jury convicted him of felony murder. This fell under the third branch of the instruction, so his challenge to the second branch is immaterial. Although the instruction is phrased in terms of "implied malice," malice is not an element of felony murder in California. People v. Dillon, 668 P.2d 697 (Cal.1983). Even if the second branch of the instruction defining implied malice were erroneous, the error would be harmless, McKenzie v. Risley, 842 F.2d 1525 (9th Cir.) (en banc), cert. denied, 488 U.S. 901 (1988), because the jury did not find that the murder was intentional, willful, deliberate or premeditated. The verdict would have been the same even had the jury not been given the challenged portion of the instruction. The felony murder doctrine itself does not unconstitutionally deprive a defendant of his right to have the government prove malice. People v. Root, 524 F.2d 195, 197 (9th Cir.1975), cert. denied, 423 U.S. 1076 (1976).
 
 
 5
 Moppins characterizes the prosecutor's final argument as misconduct requiring reversal. The prosecutor told the jury that murder committed as the result of the commission of robbery was first degree murder, even if the killing was accidental. This was not misconduct. It was a correct statement of law. Under California law, an accidental killing not planned as part of the robbery is first degree murder when committed in the course of a robbery. People v. Johnson, 104 Cal.Rptr. 807, 810-11 (Cal.App.1972).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3